Kent M. Walker (State Bar No. 173700), kwalker@lewiskohn.com
LEWIS KOHN & FITZWILLIAM LLP
10935 Vista Sorrento Parkway, Suite 370
San Diego, CA 92130
Telephone: (858) 436-1333
Fax: (858) 436-1349

Michael W. Shore, mshore@shorechan.com*
Alfonso Garcia Chan, achan@shorechan.com*
Russell James DePalma, rdepalma@shorechan.com*
Christopher L. Evans, cevans@shorechan.com*
Ari Rafilson, arafilson@shorechan.com*
Dustin Lo, dlo@shorechan.com*
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
*pro hac vice motions to be filed
Attorneys for Plaintiff
INDUSTRIAL TECHNOLOGY
RESEARCH INSTITUTE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE,**<br><br>  Plaintiff,<br><br>  VS.<br><br>**LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC.,**<br><br>  Defendants. | CASE NO.  '14CV2834 LAB RBB<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for patent infringement in which Plaintiff Industrial Technology Research Institute of Technology ("ITRI") makes the following allegations against Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. (collectively "LG") as follows:

## PARTIES

1. ITRI is the Republic of China, Taiwan's national laboratory and scientific research institution with a principal place of business at 195, Section 4, Chung Hsing Road, Chutung, Hsinchu, Taiwan 31040, Republic of China.

2. LG Electronics, Inc. is a corporation organized and existing under the laws of Korea with a principal place of business located at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu Seoul, Korea 150-721.

3. LG Electronics U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LG Electronics U.S.A., Inc. is a wholly-owned subsidiary of LG Electronics, Inc. LG Electronics U.S.A., Inc. may be served through its registered agent CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

4. LG Electronics MobileComm U.S.A., Inc. is organized under the laws of the State of California with a principal place of business at 10101 Old Grove Road, San Diego, California 92131. LG Electronics MobileComm U.S.A., Inc. is a subsidiary of LG Electronics U.S.A., Inc. LG Electronics MobileComm U.S.A., Inc. conducts business as "LG Mobile Phones." LG Electronics MobileComm U.S.A., Inc. may be served through its registered agent National Registered Agents, Inc., 818 West Seventh Street, Los Angeles, California 90017.

## JURISDICTION AND VENUE

5. This action arises under the Patent Law of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 288. This Court has subject matter jurisdiction over this action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants at least because Defendants are present within or have ongoing systematic contacts with the United States, the State of California, and the Southern District of California. Defendants have purposefully and regularly availed themselves of the privileges of conducting business in the State of California and in the Southern District of California. Plaintiff's causes of action arise directly from Defendants' business contacts, acts of patent infringement, and other activities in the State of California and in the Southern District of California. Defendants' acts of patent infringement are committed in and directed to the United States, the State of California, and the Southern District of California, and have harmed and continue to harm Plaintiff therein by *inter alia* Defendants making, using, selling, offering for sale, and importing infringing instrumentalities, as described below, in and into the United States, the State of California, and the Southern District of California, and Defendants shipping, distributing, selling, and offering for sale infringing instrumentalities, directly and through intermediaries (*e.g.*, distributors and retailers), to recipients and customers in the United States, the State of California, and the Southern District of California, and thereby purposefully and voluntarily placing infringing instrumentalities in and into the stream of commerce with the intent and expectation that they will be purchased and used in the United States, the State of California, and the Southern District of California.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), and 28 U.S.C. §§ 1400(b) because each Defendant has committed acts within

and/or directed to the Southern District of California giving rise to this action and does business in the Southern District of California.

## CAUSE OF ACTION: PATENT INFRINGEMENT

8. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-7 as though fully set forth herein. The U.S. Patent and Trademark Office originally issued U.S. Patent No. 6,459,413 on October 1, 2002, issued Certificates of Correction on May 5, 2009 and July 21, 2009, and issued an *Ex Parte* Reexamination Certificate on October 10, 2014, the totality of which is referred to as the "'413 patent."

9. Plaintiff previously filed an action against Defendants asserting infringement of the '413 patent on December 2, 2010, in the U.S. District Court for the Eastern District of Texas, namely *Industrial Technology Research Institute v. LG Corp. et al.*, No. 6:10-cv-00631-LED-JDL (E.D. Tex.). This action was later transferred to this Court under civil action no. 3:12-cv-00393-IEG-JMA, then on January 4, 2013, the action was dismissed in difference to an *ex parte* reexamination of the '413 patent. The order of dismissal [Dkt. No. 223] stated: "Plaintiff may pursue any cause of action based upon newly issued or amended patent claims obtained as a result of any reexamination of U.S. Patent No. 6,459,413 against Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. without any res judicata or collateral estoppel effect arising from this dismissal."

10. Plaintiff owns all right, title, and interest in and to the '413 patent by assignment, with the full and exclusive right to bring suit to enforce the '413 patent, including the right to recover damages for past infringements and the right to recover present and future royalties, damages, and income. Plaintiff has owned the '413 patent throughout the entire period of LG's infringing conduct.

11. The '413 patent is valid and enforceable.

12. Defendants have at no time, either expressly or impliedly, been licensed under the '413 patent.

13. To the extent any marking or notice was required under 35 U.S.C. § 287, Defendants have actual knowledge of the '413 patent and Plaintiff's claims of patent infringement at least prior to the filing of this lawsuit as a result of *Industrial Technology Research Institute v. LG Corp. et al.*, No. 6:10-cv-00631-LED-JDL (E.D. Tex.), *Industrial Technology Research Institute v. LG Corp. et al.*, No. 3:12-cv-00393-IEG-JMA (S.D. Cal.), the Request for *Ex Parte* Reexamination No. 90/012,822 (March 28, 2013), and pre-suit notice of infringement provided by Plaintiff to Defendants.

14. Defendants have been and are directly infringing the '413 patent, literally and/or under the doctrine of equivalents and in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products covered by the claims of the '413 patent, including but not limited to LG mobile phones with multi-frequency band antennas and other infringing instrumentalities to be disclosed during litigation and proven at trial.

15. Defendants have been and are actively inducing infringement of the '413 patent, in violation of 35 U.S.C. § 271(b), by encouraging, aiding, or otherwise causing other persons or entities to infringe the '413 patent, literally and/or under the doctrine of equivalents, with actual awareness of the '413 patent and intent that its actions result in others performing acts constituting infringement. For example, with actual awareness of the '413 patent and Plaintiff's claims of infringement, Defendants intentionally sold, offered for sale, and caused at least LG mobile phones with multi-frequency band antennas and other infringing instrumentalities to be delivered to intermediaries (*e.g.*, distributors and retailers), recipients, and customers, who, with Defendants' intent and knowledge, would in

turn perform acts of using, selling, offering for sale, selling, and/or importing such infringing instrumentalities in or into the United States, such acts constituting direct infringement of the '413 patent, literally and/or under the doctrine of equivalents.

16. Defendants have been and are liable as contributory infringers of the '413 patent, in violation of 35 U.S.C. § 271(c), by offering to sell and/or selling within the United States, and/or by importing into the United States, components constituting a material part of the invention claimed by the '413 patent, knowing the same to be especially made or especially adapted for use in infringement of the '413 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.  For example, with actual awareness of the '413 patent and Plaintiff's claims of infringement, Defendants have offered to sell, sold, and/or imported in or into the United States multi-frequency band antennas and products containing such antennas that are used with LG multi-frequency band LG mobile phones and other infringing instrumentalities, but are not staple articles or commodities of commerce suitable for substantial noninfringing use.

17. Defendants' acts of direct, inducing, and contributory infringement of the '413 patent have been and/or as of the filing and service of this complaint are willful and intentional.

18. As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff has been and will continue to be irreparably harmed, damaged, and deprived of its rights under the '413 patent in ways and amounts not yet determined, and for which Plaintiff is entitled to relief.

## CONCLUSION

19. Unless Defendants are enjoined by this Court, pursuant to 35 U.S.C. § 283, from continuing their patent infringements, Plaintiff will suffer additional

irreparable harm for which there is no adequate remedy at law and sustain impairment of the value of its patent rights.

20.  Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts of patent infringement in an amount subject to proof at trial, which, according to 35 U.S.C. § 284, cannot be less than a reasonable royalty, together with interest and costs as fixed and determined by this Court, and may be increased up to three times the amount found or assessed because Defendants' acts of patent infringement have been willful.

21.  Plaintiff has incurred and will incur attorney's fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorney's fees, costs, and expenses.

## JURY DEMAND

22.  Plaintiff hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

23.  Plaintiff respectfully requests that the Court find in Plaintiff's favor and against the Defendants, and that the Court grant Plaintiff the following relief:

  A.  A judgment and order that each Defendant is liable as a direct infringer, inducing infringer, and contributory infringer of the '413 patent, literally and under the doctrine of equivalents;

  B.  A judgment and order for an accounting of all damages sustained by Plaintiff as a result of the acts of patent infringement by each Defendant;

  C.  A judgment and order requiring each Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages for willful infringement, and supplemental damages for any continuing post-verdict

1  infringement until entry of the final judgment with an accounting as needed, and
2  any royalties determined to be appropriate;

3   D.   A judgment and order requiring each Defendant to pay Plaintiff
4  pre-judgment and post judgment interest on the damages awarded;

5   E.   A judgment and order finding this to be an exceptional case and
6  requiring each Defendant to pay the costs of this action (including but not limited
7  to all disbursement) and attorney's fees provided by 35 U.S.C. § 285;

8   F.   A preliminary and thereafter a permanent injunction against
9  each Defendant's direct infringements, inducing infringements, and contributory
10 infringements of the '413 patent, as well as against Defendants' agents, employees,
11 representatives, successors, assigns, and those acting in privity or in concert with
12 them; and

13  G.   Such other and further relief as the Court deems just and
14 equitable.

Dated: November 28, 2014     Respectfully submitted,

                                                    */s Kent M. Walker*
Kent M. Walker (State Bar No. 173700)
kwalker@lewiskohn.com
LEWIS KOHN & FITZWILLIAM LLP
10935 Vista Sorrento Parkway, Suite 370
San Diego, CA 92130
Telephone: (858) 436-1333
Fax: (858) 436-1349

Michael W. Shore
mshore@shorechan.com*
Alfonso Garcia Chan
achan@shorechan.com*
Russell James DePalma
rdepalma@shorechan.com*
Christopher L. Evans*

cevans@shorechan.com
Ari Rafilson
arafilson@shorechan.com*
Dustin Lo
dlo@shorechan.com*
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

**pro hac vice* motions to be filed
Attorneys for Plaintiff
INDUSTRIAL TECHNOLOGY
RESEARCH INSTITUTE